IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-35,475-07 & -08






EX PARTE JOEY SHANE PROPER, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-95-0042-B & F-95-0045-B IN THE 158TH DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of engaging in organized criminal activity and sentenced to twenty years' imprisonment on each
count. He did not appeal his convictions.

 On January 10, 2001, Applicant was released to parole. On July 19, 2010, after a blue warrant
was executed, his parole was continued and special condition "T" was imposed. This condition
required Applicant to comply with an electronic monitoring program. On October 19, 2010, after a
new blue warrant was executed, Applicant was ordered as a special condition of parole to participate
in an intermediate sanction facility (ISF) program. On July 6, 2011, after Applicant successfully
completed the ISF program, his parole was revoked because he failed to participate in an electronic
monitoring program. Applicant contends, among other things, that the condition that he participate
in an electronic monitoring program was not imposed on October 19, 2010. 

 The trial court adopted the State's proposed findings of fact and conclusions of law and
recommended that we deny relief. Based on a sworn affidavit submitted by Christina Propes at the
Texas Department of Criminal Justice-Parole Division, the State proposed that the trial court find
that Applicant's previous parole conditions remained in effect after he completed the ISF program.
This proposed finding is supported by Propes's affidavit. But we are not able to find support for this
in Applicant's parole records. (1) 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant received notice,
in any form, that his participation in an electronic monitoring program would be continued after he
completed the ISF program. The trial court shall also make findings as to whether Applicant's ankle
monitor was removed when he entered the ISF and whether it was refitted after he left the ISF. In
making these findings, the trial court may order Christina Propes to file a supplemental affidavit.
Finally, the trial court shall make findings as to whether Applicant's parole was revoked on July 6,
2011, because he violated other conditions of release. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 7, 2011

Do not publish
1. The "Terms and Conditions of Electronic Monitoring Program" that Applicant signed on
August 3, 2010, do not say that unless "otherwise provided," as Propes wrote in her affidavit,
"any condition imposed before release from an ISF remains in effect until specifically removed
by a parole panel." Nor does the Parole Division's October 19 decision to order Applicant to
participate in an ISF program say that his participation in an electronic monitoring program shall
be continued.